IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TOMMY BEAUMONT**, *i.a. man, one of the people*, **Plaintiff**, v. **GLEN A. AUGUSTINE**, *President Greenville Savings Bank*, **Defendant.** | 2:15-cv-156 |

## MEMORANDUM ORDER

Plaintiff, Tommy Beaumont, filed a Motion for Leave to Proceed *In Forma Pauperis*, with an attached complaint, on February 6, 2015. (ECF No. 1). The Court denied Plaintiff's request by Order dated February 9, 2015. (ECF No. 2). The Court advised Plaintiff that if he wished to proceed with this lawsuit, he would have to file the requisite filing fee of $400. To date, the filing fee has not been paid. Accordingly, the complaint is subject to dismissal. *Douris v. Middletown Twp.*, 293 F. App'x 130, 133 n.4 (3d Cir. 2008) (explaining that after a district court denies IFP status, it "shall provide a reasonable amount of time to pay the filing fee, and, of course, may dismiss the action should [the plaintiff] fail to do so").

The Court further notes that, even if Plaintiff had been eligible to proceed *in forma pauperis* (he is not, based on the financial information provided in his affidavit) or had paid the filing fee, his complaint would be subject to dismissal for lack of subject-matter jurisdiction. This Court's subject-matter jurisdiction is limited to cases involving federal questions and cases involving suits between citizens of different states, where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. The complaint states, in its entirety:

i, a man, tommy Beaumont, one of the people

Require a 'Court of record'; 'Trial by jury'

1

i., a man, tommy Beaumont, claim:

1. That said wrongdoer received from me, a negotiable instrument per Pennsylvania Code of Laws, Title 13-3104 for the payment and discharge of above referenced loan number.

2. That said wrongdoer kept my payment in the form of negotiable instrument but stated he would not accept the negotiable instrument as payment and discharge of the referenced loan number.

3. That said wrongdoer, by keeping my payment in the form of negotiable instrument and not discharging the account committed grand larceny.

4. I require compensation for the acts that have been committed.

5. Compensation damages and remedy due: $1,000,000.00

The only named defendant is Glen A. Augustine, President of Greenville Savings Bank, whose address is provided as 233 Main St., Greenville, PA, 16125. Since Plaintiff is attempting to sue a fellow Pennsylvania citizen, it is clear from the face of the complaint that the Court lacks diversity-of-citizenship jurisdiction over his claim (notwithstanding the alleged amount in controversy). Furthermore, the complaint does not allege any basis for federal question jurisdiction under 28 U.S.C. § 1331.

For the reasons hereinabove stated, this case is hereby **DISMISSED**. The Clerk shall docket the case **CLOSED**. It is **SO ORDERED**, this 6th day of November, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **TOMMY BEAUMONT**
PO Box 4
Darlington, PA 16115